IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD J. FLORES, | Case No. 2:22-cv-01399-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| ODOC *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Richard J. Flores ("Flores"), a self-represented litigant in the custody of the Oregon Department of Corrections ("ODOC"), currently housed at Columbia River Correctional Institution ("CRCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials failed to protect him from COVID-19 in late 2020 and early 2021 while he was housed at Two Rivers Correctional Institution ("TRCI").

This matter now comes before the Court on Flores's motion for a preliminary injunction. (ECF No. 9.) In his motion, Flores asks the Court to order CRCI to follow Oregon Health Authority ("OHA") and Centers for Disease Control and Prevention ("CDC") public health

PAGE 1 – OPINION AND ORDER

guidelines and ODOC's own policies relating to COVID-19, and keep separate any adults in custody ("AIC") at CRCI who have tested positive for COVID-19.

The Court has jurisdiction over Flores's claims pursuant to 28 U.S.C. § 1331, and all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. For the reasons that follow, the Court denies Flores's motion for a preliminary injunction.

## BACKGROUND

On September 15, 2022, Flores filed this action against ODOC, Oregon Corrections Enterprises, (now former) TRCI Superintendent Tyler Blewett, TRCI Operations Captain Theron Rumsey, and other ODOC officials and employees (together, "Defendants"), alleging that Defendants violated his constitutional rights by failing to protect him from COVID-19 between December 28, 2020 until February 1, 2021, while he was housed at TRCI. (*See* Compl., ECF No. 2.) Flores purports to represent a class of AICs housed at TRCI from December 28, 2020, to February 1, 2021 (as well as staff working at TRCI during this time period). (*Id.* ¶ 4.) Flores seeks economic and noneconomic damages on behalf of the putative class. (*Id.* ¶ 12.)

On September 26, 2022, Flores, now housed at CRCI, filed the present motion for a preliminary injunction, alleging that CRCI officials were placing COVID-19 positive AICs in open dorms with healthy AICs during a recent COVID-19 outbreak at CRCI in September 2022, and asking the Court to order CRCI officials to comply with OHA and CDC public health guidance and ODOC policies and to separate AICs who test positive for COVID-19. (*See generally* Pl.'s Mot.)

## DISCUSSION

### I.  LEGAL STANDARDS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

PAGE 2 – OPINION AND ORDER

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) (citations omitted). The elements of the test are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d. 1127, 1131 (9th Cir. 2011) ("For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits."). "When the government is a party, [the] last two factors merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

A "mandatory injunction orders a responsible party to take action" and "is particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (simplified). The "already high standard for granting a TRO or preliminary injunction is further heightened when the type of injunction sought is a 'mandatory injunction.'" *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, at 1156 (D. Or. 2018) (citing *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)).

The Prison Litigation Reform Act imposes additional restrictions on a court's ability to grant injunctive relief.[1] Any such "[1] relief must be narrowly drawn, [2] extend no further than necessary to correct the harm the court finds requires preliminary relief, and [3] be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). The PLRA requires that courts "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity[.]" *Id.*

---

[1] The PLRA also requires exhaustion of administrative remedies, but Defendants have not asserted an exhaustion defense in response to Flores's current motion.

PAGE 3 – OPINION AND ORDER

Finally, and importantly here, a plaintiff's motion for interim equitable relief must relate to the claims and relief sought in his operative complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 638 (9th Cir. 2015) ("The district court properly ruled that [the plaintiff's] motion for injunctive relief was unrelated to its underlying complaint. [The plaintiff] cannot seek interim equitable relief of a nature [he] not seeking in the final adjudication of [his] lawsuit."). The relationship with the operative complaint is sufficient if the temporary relief sought "would grant 'relief of the same character as that which may be granted finally.'" *Id.* at 636 (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). While new allegations of misconduct may support additional claims against a defendant, "they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." *Id.* Absent this relationship or nexus, the Court "lacks authority to grant the relief requested." *Id.*

## II.   ANALYSIS

Flores moves the Court for a preliminary injunction ordering CRCI officials to follow OHA and CDC public health guidance and ODOC policies relating to COVID-19 and to separate AICs who test positive for COVID-19, based on events that took place in September 2022 in which Flores alleges that CRCI officials were not separating COVID-19 positive AICs in violation of relevant guidance and policies. (Pl.'s Mot. at 1-2.)

As an initial matter, the Court must determine if the relief Flores seeks in his motion for a preliminary injunction has "a relationship or nexus to the underlying complaint." *Pac. Radiation Oncology*, 810 F.3d at 637. In Flores's complaint, he seeks relief for Defendants' alleged failure to protect him from exposure to COVID-19 between December 28, 2020 until February 1, 2021, while he was housed at TRCI. (*See generally* Compl.) Flores is clear in his complaint that his

PAGE 4 – OPINION AND ORDER

claims involve "isolated incidents that only [a]ffected the population at TRCI[,]" (*id.* ¶ 10), and he seeks damages on behalf of only TRCI AICs and staff. (*Id.* ¶ 12.)

In contrast here, Flores seeks a preliminary injunction requiring CRCI officials to keep separate AICs who tested positive for COVID-19. Flores does not allege any wrongdoing by CRCI officials in his complaint, nor does he name any CRCI personnel as defendants in this case. Thus, the Court finds that the preliminary injunctive relief Flores now seeks relating to CRCI officials is not sufficiently related to the claims in his operative complaint limited to isolated incidents at a different correctional institution in late 2020 and early 2021.

The Court therefore lacks authority to grant preliminary injunctive relief because the relief Flores now seeks is not sufficiently related to the claims or remedies in his operative complaint, and the Court denies Flores's motion. *See Smith v. Gaulding*, No. 2:19-09174 SVW (ADS), 2021 WL 8844647, at *2 (C.D. Cal. Dec. 16, 2021) (denying the AIC's motion for a preliminary injunction because "the Court lacks authority to grant the preliminary injunction because it has no relationship or nexus to the claims or remedies sought in the [operative complaint]" (citing *Pac. Radiation Oncology*, 810 F.3d at 636-37 and *Quezada v. McDowell*, No. ED CV 15-00613-VBF-KS, 2017 WL 11630640 (C.D. Cal. July 18, 2017))); *Felde v. Wilkins*, No. 1:19-cv-000339-HBK (PC), 2021 WL 1050680, at *3 (E.D. Cal. Mar. 19, 2021) (denying the AIC's motion for a preliminary injunction where "the court does not have authority to issue the requested injunctive relief sought" (citing *Pac. Radiation Oncology*, 810 F.3d at 633)), *findings and recommendation adopted*, 2021 WL 1966073 (E.D. Cal. May 17, 2021); *Quezada*, 2017 WL 11630640, at *2 (denying the AIC's motion for preliminary injunction where "the injury alleged in the [motion for preliminary injunction] is not sufficiently related to the conduct giving rise to the surviving claims in the operative pleading").

The Court's denial of Flores's motion is without prejudice to Flores filing a separate action against CRCI officials, and seeking preliminary injunctive relief in that case. *See Valson v. Cate*, No. 1:14-cv-01420-DAD-EPG (PC), 2018 WL 4859364, at *3 (E.D. Cal. July 6, 2018) ("As Plaintiff appears to be basing his injunction request on a claim of retaliation that was not pled in the First Amended Complaint, the Motion should be denied. This denial should be without prejudice to Plaintiff filing a separate action based on his claims of retaliation and seeking injunctive relief in that case."), *findings and recommendation adopted*, 2018 WL 4858897 (E.D. Cal. Oct. 5, 2018).

## CONCLUSION

For the reasons stated, the Court DENIES Flores's Motion for Preliminary Injunction (ECF No. 9).

DATED this 21st day of February 2023.

*[signature]*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 6 – OPINION AND ORDER