IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD J. FLORES, | Case No. 2:22-cv-01399-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Richard J. Flores ("Flores"), a self-represented litigant in the custody of the Oregon Department of Corrections ("ODOC"), currently housed at Columbia River Correctional Institution ("CRCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against ODOC and several ODOC employees (together, "Defendants"), alleging that prison officials failed to protect him from COVID-19. This matter comes before the Court on Defendants' motion to stay Flores's motion for summary judgment. (ECF No. 55.)

The Court has jurisdiction over Flores's claims pursuant to 28 U.S.C. § 1331 and all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. For the reasons that follow, the Court grants Defendants' motion to stay.

PAGE 1 – OPINION AND ORDER

**BACKGROUND**

On September 15, 2022, Flores filed this action against Defendants, alleging that Defendants knowingly exposed him to COVID-19 and failed adequately to protect him from COVID-19 while he was housed at Two Rivers Correctional Institution ("TRCI"). (ECF No. 2.) On September 26, 2022, Flores filed a motion for preliminary injunction, which this Court denied on February 21, 2023. (ECF Nos. 9, 45.) Defendants' response to Flores's complaint is due on April 26, 2023. (*See* ECF No. 54.)

On March 29, 2023, Flores filed a motion for summary judgment. (ECF No. 50.) Defendants' response to Flores's motion for summary judgment was due on April 17, 2023. On April 14, 2023, Defendants filed the present motion to stay Flores's motion for summary judgment. (*See generally* Defs.' Mot. Stay ("Defs.' Mot.") at 1.)

**DISCUSSION**

**I.     APPLICABLE LAW**

"District courts have the discretion to stay proceedings pending before them." *Patton v. DePuy Orthopaedics, Inc.*, No. 19-cv-00081, 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936) and *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)); *see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]" *Patton*, 2019

WL 851933, at *3 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

## II.   ANALYSIS

Defendants argue that staying Flores's motion for summary judgment "until at least such time as the pleadings are closed and the Court determines that it is appropriate for this case to move toward a decision on the merits" is appropriate for several reasons, including that (1) "the pleadings are not closed[;]" (2) Defendants' anticipated motion to dismiss will require Flores to replead his claims, "which will moot the pending motion for summary judgment[;]" and (3) Flores's claims are substantially the same as claims pending in a related class action regarding ODOC's response to the COVID-19 pandemic, and therefore a decision on the merits here would "enhance the risk of multiple inconsistent decisions[.]" (Defs.' Mot. at 2-3.) For the following reasons, the Court agrees that staying Flores's motion for summary judgment is appropriate.

First, a stay in this case will not unfairly prejudice Flores or result in significant delay, as Defendants' response to Flores's complaint is due April 26, 2023. (*See* ECF No. 54.) Further, Flores seeks only monetary relief, and "[a] delay in recovering monetary damages is not sufficient harm to warrant denying a stay." *Swearingen v. Amazon.com Servs., Inc.*, No. 3:19-cv-1156-JR, 2021 WL 602711, at *2 (D. Or. Feb. 16, 2021) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962)).

Second, allowing Flores's motion for summary judgment to proceed could be a waste of the parties' and the Court's resources. *See id.* ("The Court primarily considers judicial economy particularly with respect to the time and effort that may be saved by the parties and the Court."). Defendants' representation that they intend to file a motion to dismiss Flores's complaint could result in Flores filing an amended complaint, mooting Flores's motion for summary judgment. *See Ctr. for Biological Diversity v. Henson*, No. CIV. 08-946-TC, 2009 WL 1882827, at *4 (D.

PAGE 3 – OPINION AND ORDER

Or. June 30, 2009) (granting the defendants' motion for temporary stay, reasoning that "the result of a stay in th[e] action w[ould] likely moot and/or simplify most, if not all, of th[e] action" and noting "the orderly course of justice [is] measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay" (quoting *CMAX*, 300 F.2d at 268)).

Finally, the Court finds that Flores's claims are based on substantially the same facts as those alleged in a pending class action related to ODOC's response to the COVID-19 pandemic. *See Maney v. Brown*, No. 6:20-cv-00570-SB (D. Or.). Deciding Flores's motion for summary judgment now risks creating duplicative or inconsistent results on the merits of these related claims. *See Dunlap v. Vilsack*, No. 2:21-cv-00942-SU, 2021 WL 4955037, at *3 (D. Or. Sept. 21, 2021) (staying litigation pending resolution of a related class action based on "the interests of judicial efficiency" and finding that "[a] stay will avoid unnecessary, duplicative government action and allow for efficient, consistent litigation"); *Suter v. MAT Three LLC*, No. SACV081193DOCMLGX, 2009 WL 10698896, at *4 (C.D. Cal. Mar. 2, 2009) (staying a case pending resolution of a related class action because allowing the plaintiff's claim to proceed would be duplicative).

For these reasons, the Court concludes that staying Flores's motion for summary judgment will conserve judicial resources by avoiding unnecessary or duplicative litigation, and a stay will not unduly prejudice Flores.

///

///

///

///

PAGE 4 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to stay (ECF No. 55), and STAYS Flores's motion for summary judgment pending resolution of Defendants' anticipated motion to dismiss Flores's complaint.

**IT IS SO ORDERED.**

DATED this 21st day of April, 2023.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge