IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD J. FLORES,

                        Plaintiff,

        v.

OREGON DEPARTMENT OF
CORRECTIONS *et al.*,

                      Defendants.

Case No. 2:22-cv-01399-SB

**OPINION AND ORDER**

---

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Richard J. Flores ("Flores"), a self-represented adult in custody ("AIC"), alleges claims against the Oregon Department of Corrections ("ODOC"), Oregon Corrections Enterprises ("OCE"), Melanie Doolin, Ken Jeske, Lori Hensel, Theron Rumsey, Tyler Blewett, and 99 John and Jane Does (together, "Defendants") related to Defendants' response to the COVID-19 ("COVID") pandemic at Two Rivers Correctional Institution ("TRCI").

Now before the Court is Defendants' motion to dismiss (ECF No. 62). The Court has jurisdiction over Flores' claims pursuant to 28 U.S.C. §§ 1331 and 1367, and all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. For the reasons that follow, the Court grants in part and denies in part Defendants' motion to dismiss.

PAGE 1 – OPINION AND ORDER

BACKGROUND[1]

Flores filed several claims, styled as a class action, against Defendants based on their response to the COVID pandemic at TRCI. (*See generally* First Am. Compl. ("FAC"), ECF No. 61.)

Flores alleges that Defendants failed adequately to respond to COVID. (*Id.* at 3-8.) Specifically, Defendants knowingly commingled healthy AICs with AICs who had tested positive for COVID or had been exposed to someone who had tested positive for COVID. (*Id.* at 3.) Further, Defendants forced AICs who had contracted COVID to continue working together with healthy AICs. (*Id.* at 3-5.) In January 2021, Flores' cell mate contracted COVID while working in the laundry facility. (*Id.* at 5.) Flores subsequently contracted COVID, although he was never tested because ODOC refused to test him. (*Id.*)

Accordingly, Flores alleges that Defendants violated his Eighth and Fourteenth Amendment rights, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and 42 U.S.C. Ch. 21. (*Id.* at 8.) Additionally, Flores asserts state law claims against Defendants for negligence, gross negligence, negligence per se, dereliction of duty, intentional infliction of emotional distress, and violations of various statutes and administrative rules. (*Id.* at 9.)

Flores seeks economic and noneconomic damages, declaratory relief, and injunctive relief ordering ODOC and OCE "not to allow cross contamination between known Positive AICs or Staff and Healthy individuals" and "[a]ny other Injunctive relief the Court finds

///

---

[1] Flores pleads these facts in the amended complaint, and the Court assumes they are true for the purpose of deciding this motion. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (noting that when reviewing a motion to dismiss for failure to state a claim, a court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party").

reasonable and to which promotes the health and safety of those who are in the State's care." (*Id.* at 10-11.)

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 556).

Self-represented litigants' "complaints are construed liberally and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Hoffman v. Preston*, 26 F.4th 1059, 1063 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)); *see also Hebbe*, 627 F.3d at 342 ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings[.]"). The court must "afford [a self-represented plaintiff] the benefit of any doubt." *Hoffman*, 26 F.4th at 1063 (quoting *Hebbe*, 627 F.3d at 342). "Unless it is absolutely clear that no amendment can cure the defect, . . . a [self-represented] litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)).

///

///

///

**DISCUSSION**

Defendants move to dismiss Flores' claims based on (1) Flores' inability as a self-represented litigant to represent a class; (2) Eleventh Amendment immunity; and (3) failure to state a claim for relief. (Defs.' Mot. Dismiss ("Defs.' Mot.") at 4-8, ECF No. 62.)

## I.    CLASS ACTION ALLEGATIONS

Defendants argue that the Court should dismiss Flores' class action allegations because Flores, a self-represented AIC, may not represent a class in a class action. (*Id.* at 4-5.) Flores responds that dismissal would deprive the class of injured people of their rights and asserts that he continues to seek an attorney. (Pl.'s Resp. Defs.' Mot. Dismiss ("Pl.'s Resp.") at 1, ECF No. 63.)

Flores styled his complaint as a class action, purporting to raise his claims on behalf of himself and "AICs and Staff housed or working at TRCI during the time of the Claims." (FAC at 2.) A self-represented plaintiff may not represent other plaintiffs in litigation. *See Johns v. Cnty. Of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1966))). In addition, "it is well established that a layperson cannot ordinarily represent the interests of a class." *Hirt v. Jackson Cnty.*, No. 1:19-cv-00887-AC, 2020 WL 3104502, at *2 (D. Or. June 11, 2020) (citing *McShane v. United States*, 366 F.2d 286 (9th Cir. 1966)). "This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding *pro se*." *Id.* (citation omitted).

Because Flores may not represent the interests of a class without counsel, the Court dismisses Flores' class action allegations. *See White v. Geren*, 310 F. App'x 159, 160 (9th Cir. 2009) ("The district court properly dismissed [the plaintiff's] class action claims because [the plaintiff], proceeding *pro se*, was not an adequate class representative." (citing FED. R. CIV. P.

23(a)(4) and *McShane*, 366 F.2d at 288)); *Abel v. Alameda Cnty.*, No. 3:07-cv-03247-MJJ-PR, 2007 WL 3022252, at *1 (N.D. Cal. Oct. 13, 2007) ("*Pro se* prisoner plaintiffs may not bring class actions. They are not qualified to act as class representatives as they are unable to fairly represent and adequately protect the interests of the class.") (citations omitted). Flores may pursue claims only on his own behalf.

## II.    ELEVENTH AMENDMENT IMMUNITY

Defendants argue that the Court should dismiss Flores' Section 1983 claims against ODOC and OCE because the Eleventh Amendment bars the suit. (Defs.' Mot. at 5.) Defendants also argue that Eleventh Amendment immunity bars any claim for damages against Melanie Doolin, Ken Jeske, Lori Hensel, Theron Rumsey, Tyler Blewett, and 99 John and Jane Does (together, "individual defendants") in their official capacities. (*Id.* at 6.) The Court agrees.

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)). Accordingly, "agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (citation omitted); *see also Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (noting that state agencies' immunity in federal court from suits for private damages or injunctive relief "is well established") (citation omitted). Additionally, "damages claims against the individual defendants in their official capacities are barred by the Eleventh Amendment." *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 989 (9th Cir. 2014).

Section 1983 permits suit against "persons," which the U.S. Supreme Court has construed to mean "state officials sued in their individual capacities[.]" *Hafer v. Melo*, 502 U.S. 21, 23 (1991). "State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not

amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).

Flores appears to acknowledge that the Court must dismiss his claims against ODOC, but he argues that the Court should not dismiss the claims against OCE because OCE is not an agency of the state but rather a corporation. (Pl.'s Resp. at 1.) Defendants, in reply, assert that OCE is immune from suit because the legislature established OCE as a semi-independent state agency. (Defs.' Reply Pl.'s Resp. Defs.' Mot. Dismiss ("Defs.' Reply") at 3, ECF No. 64.)

To determine whether an agency is immune from suit under the Eleventh Amendment, courts must consider "whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity." *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982)). "To determine these factors, the court looks to the way state law treats the entity." *Id.* (citations omitted).

Applying these factors, the Court concludes that OCE is a state agency. It is not clear from its statutory framework whether OCE would satisfy a money judgment from state funds or whether OCE may take property in its own name. However, OCE performs central government functions. *See* OR. REV. STAT. § 421.354(1) ("Oregon Corrections Enterprises may engage eligible adults in custody in state corrections institutions in work or on-the-job training."); *id.* § 421.354(3) ("Oregon Corrections Enterprises may make or enter into any agreement to assist adults in custody in making a successful transition upon release by state correction institutions."). Further, state law does not establish OCE as a separate corporation but as a semi-

independent agency. *Id.* § 421.344 (establishing "Oregon Corrections Enterprises, a semi-independent agency").

Accordingly, the Court concludes that ODOC and OCE are immune from suit under the Eleventh Amendment, and Section 1983 does not abrogate that immunity. The Court therefore dismisses Flores' Section 1983 claims against ODOC and OCE. *See Eaton v. Two Rivers Corr. Inst. Grievance Coordinator Enyon*, No. 2:20-cv-01251-SI, 2020 WL 7364975, at *6 (D. Or. Dec. 15, 2020) (concluding that the plaintiff's Section 1983 "claim against ODOC is barred by sovereign immunity"); *Fletcher v. Idaho Dep't of Corr.*, No. 1:18-cv-00267-BLW, 2019 WL 3646614, at *4 (D. Idaho Aug. 6, 2019) ("Defendants' arguments about Eleventh Amendment immunity apply with equal force to the claims for injunctive relief against state agencies[.]"), *aff'd sub nom. Fletcher v. Idaho Dep't of Corr.*, No. 21-35128, 2023 WL 3018288 (9th Cir. Apr. 20, 2023); *Rouse v. Wash. State Dep't of Corr.*, No. 3:08-cv-05620-FDB, 2009 WL 1011623, at *3 (W.D. Wash. Apr. 15, 2009) (dismissing claim against state agency as barred by the Eleventh Amendment but permitting the claim for injunctive relief to go forward against the individual defendant in his official capacity).

Further, the Eleventh Amendment bars any claim for damages against the individual defendants in their official capacities, and the Court dismisses those claims. *See Will*, 491 U.S. at 71 (holding that officials acting in their official capacities are not "persons" subject to suit for damages under Section 1983); *cf. Rodriguez v. Cain*, No. 2:20-cv-01581-AR, 2023 WL 2877020, at *5 (D. Or. Mar. 7, 2023) (explaining that when the plaintiff does not specify whether he is suing the defendants in their individual or official capacities "the court presumes that [the plaintiff] names the defendants in their individual capacities; any other construction would be illogical given that [the plaintiff] seeks relief in the form of money damages, which would be

precluded had [the plaintiff] filed an official-capacity suit"), *findings and recommendation adopted*, 2023 WL 2869912 (D. Or. Apr. 10, 2023).

## III.    FAILURE TO STATE A CLAIM

Defendants argue that Flores has failed to state a Section 1983 claim because Flores does not allege that the individual defendants acted under color of state law. (Defs.' Mot. at 6.) Additionally, Defendants argue that Flores has failed to state a Fourteenth Amendment equal protection claim and has insufficiently pled violations of other state and federal laws. (*Id.* at 7-8.)

### A.    Color of State Law

Defendants argue that Flores' Section 1983 claims against the individual defendants fail to state a claim for relief because Flores does not allege that the individual defendants were acting under color of *state* law. (*Id.* at 6.)

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "[S]tate employment is generally sufficient to render the defendant a state actor." *Id.* (quoting *Lugar*, 457 U.S. at 937).

///

In his complaint, Flores states that Defendants acted "under the color of law (ORS 169, 421, & 423, OAR Chapter 291 . . . by and through their respective contracts[.]" (FAC at 1.) Defendants appear to fault Flores for not including the word "state" in his averment that Defendants acted "under the color of law" and for instead citing the state laws at the end of the sentence. (Defs.' Mot. at 6.) However, Defendants have not pointed the Court to any authority requiring such a restrictive reading of a complaint. The Court concludes that the relevant inquiry of Flores' *pro se* complaint is not so exacting. *See Hoffman*, 26 F.4th at 1063 (explaining that self-represented litigants' "complaints are construed liberally").

Defendants acknowledge that ODOC and OCE are state agencies. (Defs.' Mot. at 5; Defs.' Reply at 2.) In addition, Flores has pled facts indicating that the individual defendants were state employees—employed as the OCE General Manager, OCE People Programs and Services Manager, OCE Administrator, ODOC Operations Captain at TRCI, and ODOC Superintendent at TRCI—and thus are state actors. (FAC at 2.) Further, Flores includes facts supporting an inference that Defendants exercised power pursuant to their positions of employment. (*See* FAC at 3-9.) Nothing suggests that the individual defendants are private parties or entities. *Cf. Hall v. Unity Ctr. for Behav. Health*, No. 3:23-cv-00639-HZ, 2023 WL 6319058, at *2 (D. Or. Sept. 28, 2023) (dismissing the defendant, a private company, because the "[p]laintiff has not alleged any facts suggesting that [the defendant] acted under color of state law"); *Macak v. Spence*, No. 3:19-cv-01818-SB, 2020 WL 4457817, at *2 (D. Or. May 26, 2020) (dismissing the defendants "because Plaintiffs do not allege any facts to establish that [the defendants] acted under the color of state law (i.e., as state actors)"), *findings and recommendation adopted*, 2020 WL 4451044 (D. Or. July 31, 2020). The Court concludes that

Flores has adequately pled that Defendants were acting under color of state law and therefore denies Defendants' motion to dismiss Flores' Section 1983 claims on this ground.

    **B.    Fourteenth Amendment**

    Flores alleges that Defendants violated his right to equal protection under the Fourteenth Amendment by treating AICs at TRCI differently than people at other "congregate living facilit[ies]."[2] (FAC at 7.) Defendants argue that the Court should dismiss Flores' equal protection claim because Flores is not a member of a suspect class. (Defs.' Mot. at 7.) The Court concludes that Flores fails to state an equal protection claim.

    "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show [either] that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class[,]" or that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (intentional discrimination); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (different treatment).

---

    [2] To the extent Flores asserts that his conditions of confinement violated the Fourteenth Amendment, the Fourteenth Amendment provides the applicable standard for evaluating the conditions of confinement for pretrial detainees while the Eighth Amendment provides the applicable standard for evaluating the conditions of confinement for AICs who have already been convicted. *See Norbert v. City & Cnty. of S.F.*, 10 F.4th 918, 927-28 (9th Cir. 2021) (so explaining). The Eighth Amendment applies to Flores' conditions of confinement claim.

    To the extent Flores alleges a violation of procedural or substantive due process or the Privileges and Immunities Clause, Flores' complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory to state a . . . claim." *Howe v. Cnty. of Mendocino*, No. 21-16665, 2022 WL 3952395, at *2 (9th Cir. Aug. 31, 2022) (so stating about a due process claim) (simplified); *see also Ellison v. Nevada*, 299 F. App'x 730, 731 (9th Cir. 2008) (affirming dismissal "because [the AIC's] allegations do not implicate 'the right of the newly arrived citizen to the same privileges and immunities enjoyed by other citizens of the same State'" (quoting *Saenz v. Roe*, 526 U.S. 489, 502 (1999))).

"[N]either prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes." *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011) (citations omitted). Flores has not alleged membership in any other protected class. Thus, Flores has not pled that Defendants acted with an intent to discriminate against him based upon membership in a protected class.

Flores alleges in his complaint that he has "the right to equal protection under the law against deadly pathogens, viruses and diseases" including "[t]he same protections as any congregate living facility." (FAC at 7.) However, Flores does not specify if or how Defendants treated him differently than others residing in a congregate living facility.[3] Further, Flores has not alleged that Defendants *intentionally* treated him differently from others similarly situated nor that there was no rational basis for any difference in treatment. For these reasons, the Court dismisses Flores' equal protection claim. *See Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012) (affirming dismissal of the plaintiff's claim because the plaintiff "did not allege that any of the defendants treated any similarly-situated individual differently"); *Spencer v. Pulido-Esparza*, No. 1:20-cv-01176-JLT-GSA-PC, 2023 WL 3342614, at *9 (E.D. Cal. May 10, 2023) (dismissing equal protection claim where "there are no facts in the complaint that show discriminatory intent on the part of defendants"), *findings and recommendation adopted*, 2023 WL 5155835 (E.D. Cal. Aug. 10, 2023); *Pers. v. Jones*, No. 2:21-cv-1522-WBS-DMC-P, 2023 WL 1824548, at *5 (E.D. Cal. Feb. 8, 2023) ("In order to state a § 1983 claim based on a violation of the Equal Protection

---

[3] To the extent Flores asserts in his response that Defendants implemented safety measures at long term care homes, retirement homes, treatment centers, and hospitals that Defendants did not offer at TRCI (Pl.'s Resp. at 2), that information is not part of the current pleading relevant to Defendants' motion to dismiss and will only be considered should Flores elect to include it in an amended complaint. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citation omitted).

Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose."), *findings and recommendation adopted*, 2023 WL 2655779 (E.D. Cal. Mar. 27, 2023).

###    C.    Other Federal Laws

Flores alleges that Defendants violated the ADA, the Rehabilitation Act, and 42 U.S.C. Ch. 21 generally. (FAC at 8.) Defendants argue that Flores has failed to allege any act of discrimination against him based on a disability. (Defs.' Mot. at 8.) The Court agrees.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities, of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual;" "a record of such an impairment;" or "being regarded as having such an impairment." *Id.* § 12102(1). The phrase "major life activities" includes "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2). Flores has not pled sufficient facts for the Court to evaluate whether he has a disabling condition that limits a major life activity or satisfies the statutory definition of "disability." Neither has he indicated how Defendants excluded him from participation in or denied him the benefits of a particular service, program, or activity, nor that Defendants excluded him or denied him benefits *because of* his disability.[4]

---

[4] To the extent Flores clarifies the basis of his disability and the services that Defendants denied him in response to Defendants' motion (*see* Pl.' Resp. at 3), that information is not part of

"Section 504 of the Rehabilitation Act prohibits organizations that receive federal funds, including health care providers, from discriminating against individuals with disabilities." *Bax v. Drs. Med. Ctr. of Modesto, Inc.*, 52 F.4th 858, 866 (9th Cir. 2022) (citations omitted). "To prevail on a Section 504 claim, a plaintiff must establish that (1) [the plaintiff] is an individual with a disability; (2) [the plaintiff] is otherwise qualified to receive a certain benefit; (3) [the plaintiff] was denied the benefits of a certain program solely by reason of [a] disability; and (4) the program receives federal financial assistance." *Id.* (simplified). Again, Flores has not specified his disability and has not pled that Defendants denied him a benefit solely by reason of his disability.

Similarly, Flores does not specify how Defendants violated 42 U.S.C. Chapter 21. *See Lauren v. Mont. State Univ.*, No. 2:17-cv-00062-BU-BMM-JCL, 2018 WL 6421732, at *6 (D. Mont. July 30, 2018) ("To the extent [the plaintiff] seeks relief under 42 U.S.C., Chapter 21, he fails to specify which particular statute in this chapter provides the basis of his claim."), *findings and recommendation adopted*, 2018 WL 6421729 (D. Mont. Dec. 6, 2018), *aff'd*, 821 F. App'x 850 (9th Cir. 2020).

For these reasons, the Court dismisses Flores' ADA, Rehabilitation Act, and 42 U.S.C. Ch. 21 claims. *See Kononen v. City of Salem Hous. Auth.*, No. 6:21-cv-00179-MK, 2021 WL 5356973, at *2 (D. Or. Nov. 1, 2021) ("[T]he Complaint fails to contain sufficient allegations of underlying facts to give fair notice and to enable Defendant to defend itself effectively against Plaintiff's discrimination claims under the . . . ADA, and Section 504."), *findings and recommendation adopted*, 2021 WL 5355927 (D. Or. Nov. 16, 2021).

///

the current pleading relevant to Defendants' motion to dismiss, and the Court will only consider it should Flores elect to include it in an amended complaint. *See Schneider*, 151 F.3d at 1197 n.1.

### D.    State Law

Flores asserts state law claims against Defendants for violations of Chapters 659A and 654 of the Oregon Revised Statutes and Chapters 333, 410, and 437 of the Oregon Administrative Rules. (FAC at 9.) Defendants argue for dismissal for failure to state a claim. (Defs.' Mot. at 8.) The Court agrees.

Oregon law prohibits employment discrimination on the basis of disability, but Flores has not alleged sufficient facts for the Court to evaluate whether he "has a physical or mental impairment that substantially limits one or more major life activities." OR. REV. STAT. § 659A.104(1)(a). Neither has Flores asserted that he suffered an adverse employment action nor that Defendants discriminated against him *on the basis of* his disability. *Id.* § 659A.112(1).

Flores also has not alleged that his employer was subject to the duty codified in Oregon Revised Statute § 654.310, which applies to those "engaged in the construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure, or in the erection or operation of any machinery, or in the manufacture, transmission and use of electricity, or in the manufacture or use of any dangerous appliance or substance." Neither has he specified how Defendants violated the statute. *See id.* § 654.310 (requiring compliance with Department of Consumer and Business Services rules, regulations, and orders).

Finally, Flores has not explained how Defendants violated Chapters 333, 410, and 437 of the Oregon Administrative Rules, which relate to the Oregon Health Authority and the Department of Consumer and Business Services' Oregon Occupational Safety and Health Division.

For these reasons, the Court dismisses Flores' claims alleging that Defendants violated Chapters 659A and 654 of the Oregon Revised Statutes and Chapters 333, 410, and 437 of the Oregon Administrative Rules. *See Maggio v. Or. Health & Sci. Univ.*, No. 3:23-cv-00116-JR,

2023 WL 6148938, at *3 (D. Or. June 1, 2023) (dismissing disability discrimination claim under Oregon law because the "plaintiff neglects to allege facts establishing she is a qualified individual with a disability"), *findings and recommendation adopted*, 2023 WL 6147196 (D. Or. Sept. 20, 2023).

## CONCLUSION

For the reasons stated, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss (ECF No. 62), as follows:

- GRANTS WITHOUT LEAVE TO AMEND:

  o Defendants' motion to dismiss Flores' Section 1983 claims against ODOC and OCE; and

  o Defendants' motion to dismiss Flores' Section 1983 claim for damages against the individual defendants in their official capacities.

- GRANTS WITH LEAVE TO AMEND:

  o Defendants' motion to dismiss Flores' class action allegations;

  o Defendants' motion to dismiss Flores' Fourteenth Amendment equal protection claim;

  o Defendants' motion to dismiss Flores' claims for violation of the ADA, the Rehabilitation Act, and 42 U.S.C. Ch. 21; and

  o Defendants' motion to dismiss Flores' claims for violation of Chapters 659A and 654 of the Oregon Revised Statutes and Chapters 333, 410, and 437 of the Oregon Administrative Rules.

///

///

PAGE 15 – OPINION AND ORDER

- DENIES:

  o  Defendants' motion to dismiss Flores' Section 1983 claims for failure to plead that the individual defendants acted under color of state law.

If Flores believes he can cure the pleading deficiencies discussed herein, he may file an amended complaint within thirty (30) days of the date of this order. If Flores does not amend his complaint, his Eighth Amendment claim and his state law negligence, gross negligence, negligence per se, dereliction of duty, and intentional infliction of emotional distress claims for monetary damages will proceed.

**IT IS SO ORDERED.**

DATED this 3rd day of November, 2023.

_Stacie F. Beckerman_

HON. STACIE F. BECKERMAN
United States Magistrate Judge