IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD J. FLORES,

               Plaintiff,

      v.

OREGON DEPARTMENT OF
CORRECTIONS *et al.*,

               Defendants.

Case No. 2:22-cv-01399-SB

**OPINION AND ORDER**

_____

**BECKERMAN, U.S. Magistrate Judge.**

       Plaintiff Richard J. Flores ("Flores"), a self-represented former adult in custody ("AIC"),

alleges claims against Melanie Doolin ("Doolin"), Ken Jeske ("Jeske"), Lori Hensel ("Hensel"),

Theron Rumsey ("Rumsey"), Tyler Blewett ("Blewett"), and 99 John and Jane Does (together,

"Defendants") related to Defendants' response to the COVID-19 ("COVID") pandemic at Two

Rivers Correctional Institution ("TRCI").

       Now before the Court is Defendants' motion to dismiss Flores' second amended

complaint (ECF No. 81). The Court has jurisdiction over Flores' claims pursuant to

28 U.S.C. §§ 1331 and 1367, and all parties have consented to the jurisdiction of a magistrate

PAGE 1 – OPINION AND ORDER

judge pursuant to 28 U.S.C. § 636. For the reasons that follow, the Court grants in part and

denies in part Defendants' motion to dismiss.

## BACKGROUND[1]

Flores alleges that Defendants failed adequately to respond to COVID. (Second Am.

Compl. ("SAC") at 2-9, ECF No. 73.) Specifically, according to Flores, Defendants knowingly

commingled healthy AICs with AICs who had tested positive for COVID or had been exposed to

someone who had tested positive for COVID. (*Id.* at 4.) Further, Defendants forced AICs who

had contracted COVID to continue working together with healthy AICs. (*Id.*)

In a meeting on December 28, 2020, Hensel told AICs that they would be working

together with units on quarantine. (*Id.* at 2.) Doolin and Jeske authorized the practice of mixing

cohorts and failed to stop the practice despite receiving grievances about it. (*Id.* at 2-3.) Rumsey

also authorized the practice, and Blewett approved the decision to send known COVID-positive

AICs to work. (*Id.* at 3.) In January 2021, Flores' cell mate contracted COVID while working in

the laundry facility. (*Id.* at 5.) Flores subsequently contracted COVID, although he was never

tested because the Oregon Department of Corrections ("ODOC") refused to test him. (*Id.*)

In November 2023, the Court granted in part and denied in part Defendants' motion to

dismiss Flores' first amended complaint. (Op. & Order, ECF No. 66.) The Court granted

Defendants' motion to dismiss Flores' Section 1983 claims against ODOC and Oregon

Corrections Enterprises ("OCE") without leave to amend. (*Id.* at 15.) The Court granted Flores

leave to amend, in relevant part, his Fourteenth Amendment equal protection, Americans with

---

[1] Flores pleads these facts in the second amended complaint, and the Court assumes they
are true for the purpose of deciding this motion. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d
992, 998 (9th Cir. 2010) (noting that when reviewing a motion to dismiss for failure to state a
claim, a court must "accept as true all well-pleaded allegations of material fact, and construe
them in the light most favorable to the non-moving party" (citing *Manzarek v. St. Paul Fire &
Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008))).

Disabilities Act ("ADA"), and Rehabilitation Act claims. (*Id.*) The Court did not dismiss Flores'

Eighth Amendment claim or his state law negligence, gross negligence, negligence per se,

dereliction of duty, and intentional infliction of emotional distress claims. (*Id.* at 16.)

      In his second amended complaint, Flores alleges that Defendants violated his Eighth and

Fourteenth Amendment rights, the ADA, and the Rehabilitation Act. (SAC at 8.) Additionally,

Flores asserts state law claims against Defendants for negligence, gross negligence, negligence

per se, dereliction of duty, and intentional infliction of emotional distress and physical harm. (*Id.*

at 10.) Flores asserts all of his claims against Defendants in their individual capacities. (*Id.* at 1.)

      Flores seeks economic and noneconomic damages; injunctive relief ordering ODOC and

OCE "to not allow cross contamination between known Positive AICs or Staff and Healthy

individuals[,]" an order preventing retaliation, and "[a]ny other Injunctive relief the Court finds

reasonable and to which promotes the health and safety of those who are in the State's care[;]"

and declaratory relief finding that ODOC and OCE violate the Eighth Amendment "if they work

Covid-19 positive AICs or Staff with healthy individuals" and "[a]ny other Declaratory relief the

Court finds reasonable and to which promotes the health and safety of those who are in the

State's care." (*Id.* at 10-11.)

## LEGAL STANDARDS

      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation

omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Self-represented litigants' "complaints are construed liberally and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Hoffman v. Preston*, 26 F.4th 1059, 1063 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)); *see also Hebbe*, 627 F.3d at 342 ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings[.]"). The court must "afford [a self-represented plaintiff] the benefit of any doubt." *Hoffman*, 26 F.4th at 1063 (quoting *Hebbe*, 627 F.3d at 342). "Unless it is absolutely clear that no amendment can cure the defect, . . . a [self-represented] litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)).

## DISCUSSION

Defendants move to dismiss some of Flores' claims, arguing that (1) Flores has failed to state a claim for violation of the ADA, the Rehabilitation Act, and the Fourteenth Amendment, (2) the Eleventh Amendment bars Flores' tort claims in federal court, and (3) and Flores' request for injunctive and declaratory relief are moot. (Defs.' Mot. Dismiss ("Defs.' Mot.") at 4-13, ECF No. 81.)

## I.    FAILURE TO STATE A CLAIM

Defendants argue that Flores has failed to state a claim for violation of the ADA, the Rehabilitation Act, and the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at 4-9.) Flores only objects to dismissal of his Fourteenth Amendment claim. (*See* Pl.'s Resp. Defs.' Mot. ("Pl.'s Resp.") at 1, ECF No. 82.)

///

**A.      The ADA and the Rehabilitation Act**

Defendants argue that the Court should dismiss Flores' ADA and Rehabilitation Act claims without prejudice. (Defs.' Mot. at 4-6, 13.)

As the Court previously discussed, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities, of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual;" "a record of such an impairment;" or "being regarded as having such an impairment[.]" *Id.* § 12102(1). The phrase "major life activities" includes "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A).

"Section 504 of the Rehabilitation Act prohibits organizations that receive federal funds, including health care providers, from discriminating against individuals with disabilities." *Bax v. Drs. Med. Ctr. of Modesto, Inc.*, 52 F.4th 858, 866 (9th Cir. 2022) (citations omitted). "To prevail on a Section 504 claim, a plaintiff must establish that (1) [the plaintiff] is an individual with a disability; (2) [the plaintiff] is otherwise qualified to receive a certain benefit; (3) [the plaintiff] was denied the benefits of a certain program solely by reason of [a] disability; and (4) the program receives federal financial assistance." *Id.* (simplified).

The Court concludes that Flores has not cured his pleading deficiencies. In his second amended complaint, Flores alleges that he has asthma and cardiovascular disease "which limit his major daily life activities." (SAC at 7.) He also alleges that he was "excluded from

participation in medical services that were provided to keep [him] safe from Covid-19" and that the "exclusion was by reason of his disability." (*Id.* at 7-8.)

Regarding his ADA claim, Flores has not explained which major daily life activities his asthma and cardiovascular disease interfere with, what medical services he was excluded from, or which Defendants excluded him. Regarding his Rehabilitation Act claim, Flores has not specified what benefit he was qualified to receive and did not receive and has not alleged that Defendants denied him a benefit from a program that received federal funding. For both claims, Flores has not alleged any conduct suggesting that Defendants intentionally discriminated against him *because of* any alleged disability. *See A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (explaining that ADA and Rehabilitation Act claims require a plaintiff to demonstrate a defendant's *mens rea* of intentional discrimination (citing *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008))); *Rivas v. Kijakazi*, No. C 23-03324 WHA, 2023 WL 8006846, at *2 (N.D. Cal. Nov. 17, 2023) ("In brief, with respect to her claim under Section 504 of the Rehabilitation Act, plaintiff alleges no facts from which the judge could infer that she was denied a benefit . . . solely by reason of her disability."); *Kahn ex rel. Kahn v. San Diego Unified Sch. Dist.*, No. 3:17-cv-01008-BENWVG, 2018 WL 1963743, at *5 (S.D. Cal. Apr. 25, 2018) ("Other than their own conclusory allegations, which the Court need not assume true, nowhere in the Complaint do Plaintiffs allege conduct to support an inference that the [defendant] discriminated against [the student] based on her disability either intentionally or with deliberate indifference. In short, these allegations fall well below the standard to provide the . . . [defendants] a meaningful opportunity to respond.").

For these reasons, the Court dismisses Flores' ADA and Rehabilitation Act claims without prejudice but without further leave to amend. *See Kononen v. City of Salem Hous. Auth.*,

No. 6:21-cv-00179-MK, 2021 WL 5356973, at *2 (D. Or. Nov. 1, 2021) ("[T]he Complaint fails

to contain sufficient allegations of underlying facts to give fair notice and to enable Defendant to

defend itself effectively against Plaintiff's discrimination claims under the . . . ADA, and Section

504." (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011))), *findings and recommendation*

*adopted*, 2021 WL 5355927 (D. Or. Nov. 16, 2021); *Rivas*, 2023 WL 8006846, at *2 (dismissing

the plaintiff's claims without prejudice); *Kahn*, 2018 WL 1963743, at *5 (same).

    B.    **Fourteenth Amendment**

    Defendants argue that the Court should dismiss Flores' equal protection claim with

prejudice. (Defs.' Mot. at 6-9.) Flores does not respond to Defendants' argument nor request

further leave to amend. (*See generally* Pl.'s Resp.)

    As the Court previously advised, "[t]o state a claim under 42 U.S.C. § 1983 for a

violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show

[either] that the defendants acted with an intent or purpose to discriminate against the plaintiff

based upon membership in a protected class[,]" or that the plaintiff "has been intentionally

treated differently from others similarly situated and that there is no rational basis for the

difference in treatment." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (intentional

discrimination) (citations omitted); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)

(different treatment) (citations omitted).

    The Court concludes that Flores has not cured his pleading deficiencies. Flores alleges

that Defendants violated his right to equal protection under the Fourteenth Amendment by

intentionally treating AICs at TRCI differently than people at other "congregate living

facilit[ies]." (SAC at 8.) "[N]either prisoners nor 'persons convicted of crimes' constitute a

suspect class for equal protection purposes." *United States v. Whitlock*, 639 F.3d 935, 941 (9th

Cir. 2011) (citations omitted). Flores has not alleged an equal protection claim based on

membership in any other protected class. Thus, as this Court previously explained, Flores has not plausibly alleged that Defendants acted with an intent to discriminate against him based upon membership in a protected class.

Flores alleges that AICs at TRCI were treated differently than people living in "[l]ong term care, retirement homes, treatment centers, hospitals, as well as prisons[.]" (SAC at 8.) Flores asserts that the state and federal government put in place safety measures for other congregate living facilities that AICs at TRCI did not receive. (*Id.*) However, Flores does not provide any detail about what safety measures he is referring to and has not alleged any conduct suggesting that Defendants intentionally treated AICs at TRCI differently. Further, as this Court previously explained, Flores has not alleged that there was no rational basis for any difference in treatment.

For these reasons, the Court dismisses Flores' equal protection claim. *See Spencer v. Pulido-Esparza*, No. 1:20-cv-01176-JLT-GSA-PC, 2023 WL 3342614, at *9 (E.D. Cal. May 10, 2023) (dismissing equal protection claim where "there are no facts in the complaint that show discriminatory intent on the part of defendants"), *findings and recommendation adopted*, 2023 WL 5155835 (E.D. Cal. Aug. 10, 2023); *Person v. Jones*, No. 2:21-cv-1522-WBS-DMC-P, 2023 WL 1824548, at *5 (E.D. Cal. Feb. 8, 2023) ("In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of [AIC]s which included plaintiff, and that such conduct did not relate to a legitimate penological purpose.") (citations omitted), *findings and recommendation adopted*, 2023 WL 2655779 (E.D. Cal. Mar. 27, 2023).

///

The Court dismisses Flores' Fourteenth Amendment claim with prejudice because Flores has amended his complaint twice, and he has "point[ed] to no additional facts that [he] might allege to cure these deficiencies[.]" *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008), *as amended* (Aug. 26, 2008) (citation omitted) (affirming dismissal with prejudice for failure adequately to plead a required element of the claim); *see also Beverly v. Cnty. of Orange*, No. 22-55080, 2022 WL 14003695, at *1 (9th Cir. Oct. 24, 2022) (affirming dismissal of the plaintiff's Section 1983 claim with prejudice where "[t]he district court properly accounted for [the plaintiff]'s pro se status; it had already granted [the plaintiff] leave to amend her complaint and provided guidance to remedy the pleading's deficiencies, but [the plaintiff] failed to follow that advice") (simplified); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987) (explaining that "a district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend [the plaintiff's] complaint") (simplified).

## II.    STATE TORT CLAIMS

Defendants argue that they are immune from Flores' state law tort claims in federal court. (Defs.' Mot. at 9.) Defendants argue that the State of Oregon is the only proper defendant for Flores' tort claims pursuant to the Oregon Tort Claims Act ("OTCA") and, because the Eleventh Amendment bars suit against the State of Oregon in federal court, the Court should dismiss Flores' tort claims without prejudice. (*Id.*)

In relevant part, the OTCA provides a limited waiver of public bodies' sovereign immunity, explains that the sole cause of action for a tort committed by an employee of a public body within the scope of their employment is an action under Oregon Revised Statutes §§ 30.260 to 30.300 of the OTCA, and sets out the circumstances where the public body must be substituted as a party for an individual employee:

PAGE 9 – OPINION AND ORDER

(1) Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to civil action for its torts and those of its officers, employees and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function . . . .

(2) The sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287[2] is an action under ORS 30.260 to 30.300. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action against any such officer, employee or agent of a public body whose act or omission within the scope of the officer's, employee's or agent's employment or duties gives rise to the action. No other form of civil action is permitted.

(3) *If an action* under ORS 30.260 to 30.300 *alleges damages in an amount equal to or less than the damages allowed* under ORS 30.271, 30.272 or 30.273,[3] *the sole cause of action* for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 *is an action against the public body*. If an action is filed against an officer, employee or agent of a public body, and the plaintiff alleges damages in an amount equal to or less than the damages allowed under ORS 30.271, 30.272 or 30.273, the court upon motion shall substitute the public body as the defendant. . . .

(4) *If an action* under ORS 30.260 to 30.300 *alleges damages in an amount greater than the damages allowed* under ORS 30.271, 30.272 or 30.273, *the action may be brought and*

---

[2] Oregon Revised Statutes § 30.285 provides, in part, that "[t]he governing body of any public body shall defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty" but not in cases "of malfeasance in office or willful or wanton neglect of duty." OR. REV. STAT. § 30.285(1)-(2). Oregon Revised Statutes § 30.287 governs provision of counsel for public officers, public fund payments in settlement, effects on liability limits, and defense by insurers.

[3] Oregon Revised Statutes § 30.271 provides limitations on the liability of the state for personal injury or death, Oregon Revised Statutes § 30.272 provides limitations on the liability of local public bodies for personal injury or death, and Oregon Revised Statutes § 30.273 provides limitations on the liability of public bodies for property damage or destruction.

> *maintained against an officer, employee or agent of a public body*,
> whether or not the public body is also named as a defendant. . . .

OR. REV. STAT. § 30.265(1)-(4) (emphasis added). In other words, under subsection three, if a plaintiff alleges damages equal to or less than the relevant damages cap, upon motion, the Court shall substitute the public body as the defendant. *Id.* § 30.265(3). Under subsection four, if a plaintiff alleges damages greater than the relevant damages cap, the plaintiff's claims may proceed against the officer, employee, or agent of the public body. *Id.* § 30.265(4).

The Oregon Legislature amended Oregon Revised Statutes § 30.265 in 2011. *See* 2011 Or. Laws 876. Previously, the statute provided that the sole cause of action for any tort within the scope of employment or duties was "an action against the public body only" and directed that that "the public body shall be substituted as the only defendant." OR. REV. STAT. § 30.265(2) (2007). The 2011 legislative amendment, effective January 1, 2012, removed that text from subsection two and added subsections three and four, limiting when the public body should be substituted as a party.[4] *See* 2011 Or. Laws 876.

An employee acts within the scope of their employment or duties if three conditions are met: "(1) the conduct must have occurred substantially within the time and space limits authorized by the employment; (2) the employee must have been motivated, at least partially, by a purpose to serve the employer; and (3) the act must have been of a kind that the employee was hired to perform." *Moore v. Portland Pub. Sch.*, 537 P.3d 544, 562 (Or. Ct. App. 2023) (citing *Chesterman v. Barmon*, 753 P.2d 404, 406 (Or. 1988)).

---

[4] "These revisions came in response to *Clarke v.* [*Oregon Health Sciences University*, 175 P.3d 418 (Or. 2007)], and *Ackerman v.* [*OHSU Medical Group*, 227 P.3d 744 (Or. Ct. App. 2010)], which held that such substitution violated the Oregon Constitution's Remedy Clause by entirely eliminating a cause of action against the individual and depriving the plaintiff of an adequate remedy." *Atl. Specialty Ins. Co. v. Or. Sch. Boards Ass'n Prop. & Cas. Coverage for Educ. Tr.*, 649 F. Supp. 3d 998, 1022 n.9 (D. Or. 2022).

Here, Flores' claims arise out of Defendants' actions taken within the scope of their employment and duties. (*See generally* SAC, describing a meeting, denial of grievances, and Defendants directing AICs to work for OCE at and during Defendants' employment, serving ODOC's and OCE's purposes, in line with Defendants' employment responsibilities); *see also Lovelady v. Beamer*, No. 2:16-cv-1614-PK, 2017 WL 4707509, at *6 (D. Or. Oct. 19, 2017) ("[T]he evidence of record tends to establish that at all material times [the defendant] was acting, negligently or otherwise, within the course and scope of his employment for EOCI and the Oregon Department of Corrections, and no evidence of record or any allegation of [the plaintiff]'s complaint suggests to the contrary."), *aff'd*, 731 F. App'x 672 (9th Cir. 2018); *Cleavenger v. Univ. of Or.*, No. 6:13-cv-1908-DOC, 2015 WL 3439162, at *7 (D. Or. May 28, 2015) ("All of Plaintiff's claims against the individual Defendants arise from acts committed in the course and scope of employment."); *McVay v. Becker*, No. 3:10-cv-1484-AC, 2012 WL 1890374, at *8 (D. Or. Mar. 21, 2012) ("There are no allegations in [the plaintiff]'s Complaint that the actions or omissions of any of the individual defendants fell outside their scope of employment [with ODOC.]"), *findings and recommendation adopted*, 2012 WL 1885804 (D. Or. May 23, 2012).

However, the Court disagrees with Defendants' argument, citing *Center for Legal Studies, Inc. v. Lindley*, that the State of Oregon or a public entity is *always* the only proper defendant in tort claims against state employees for acts within the scope of their employment. *See Ctr. for Legal Stud., Inc. v. Lindley*, 64 F. Supp. 2d 970, 974 (D. Or. 1999) (applying a former version of Oregon Revised Statutes § 30.265), *aff'd*, 1 F. App'x 662 (9th Cir. 2001); *Ross v. Myrick*, No. 2:18-cv-00046-YY, 2018 WL 8059563, at *2 (D. Or. Dec. 26, 2018) ("Defendants incorrectly cite to an old version of ORS 30.265(1)."), *findings and*

*recommendation adopted in relevant part*, 2019 WL 1757518 (D. Or. Apr. 18, 2019), *aff'd*, 817 F. App'x 499 (9th Cir. 2020); *Leonetti v. Bray*, No. 3:16-cv-00014-AC, 2018 WL 11226238, at *20 (D. Or. Feb. 16, 2018) ("Defendants do not specify to which portion of ORS 30.265 they refer, but regardless, it appears this argument relies on outdated law."), *findings and recommendation adopted*, 2018 WL 11226237 (D. Or. Apr. 25, 2018), *aff'd*, 774 F. App'x 417 (9th Cir. 2019); *cf. Reynolds v. Oregon*, No. 03:11-cv-6404-HZ, 2012 WL 3526973, at *3 (D. Or. Aug. 14, 2012) (concluding that the plaintiff could not amend his complaint to increase the amount of damages sought and raise negligence claims against individual defendants because the plaintiff filed his case before the amendment went into effect).[5] Instead, under the current version of Oregon Revised Statutes § 30.265, whether the State of Oregon is the only proper defendant for Flores' state law tort claims depends on the amount of damages Flores seeks. *See* Oregon Judicial Dep't, Tort Claims Table of Liability Limits, https://www.courts.oregon.gov/documents/ table-of-liability-limits.pdf [https://perma.cc/ZEB8-RC4L] (setting the damages cap for personal injury actions by a single claimant arising between July 2020 and July 2021 against the state at $2,307,500).

Flores does not specify the amount of damages he seeks. (*See* SAC at 10.) "Courts of this District have routinely held that, absent the allegation of a specific dollar amount equal to or less than the required amount, defendants may not rely on ORS 30.265(3) to compel substitution of a

---

[5] Courts sometimes substitute the State of Oregon as the appropriate defendant without an analysis of the change in the law. *See Alexander v. Williams*, No. 6:11-cv-06215-PK, 2013 WL 6180598, at *14 (D. Or. Nov. 25, 2013) (substituting the State of Oregon where the claim arose and the plaintiff filed his complaint before the amendment without acknowledging the relevant timing or the change in law), *aff'd in part*, 683 F. App'x 582 (9th Cir. 2017); *Howard v. Or. Dep't of Corr.*, No. 6:10-cv-06390-AA, 2013 WL 4786483, at *3 (D. Or. Sept. 5, 2013) (same), *aff'd*, 603 F. App'x 633 (9th Cir. 2015); *cf. Cleavenger*, 2015 WL 3439162, at *7 (concluding that a plaintiff's only recourse is to sue the public body if a state officer, employee, or agent is acting within the scope of their employment).

public body in place of individual defendants." *Monson v. Oregon*, No. 6:22-cv-00604-AA, 2023 WL 6174382, at *2 (D. Or. Sept. 22, 2023) (citing *Ewing v. City of Toledo*, No. 6:18-cv-01626-MK, 2021 WL 3926254, at *8 (D. Or. Mar. 31, 2021), *Achcar-Winkels v. Lake Oswego Sch. Dist.*, No. 3:15-cv-00385-YY, 2017 WL 2291338, at *10 (D. Or. May 25, 2017), and *McLean v. Pine Eagle Sch. Dist. No. 61*, 194 F. Supp. 3d 1102, 1123 (D. Or. 2016)). Thus, at this stage of the litigation, the Court disagrees that the State of Oregon is the only proper defendant. *See Achcar-Winkels*, 2017 WL 2291338, at *10 (denying the defendants' request for the substitution of parties but explaining that "Plaintiffs cannot leave their damages amount a mystery forever" and that "[i]n order to maintain their suit against individual defendants, Plaintiffs will eventually have to allege damages that exceed the applicable cap in accordance with ORS § 30.265(4)"); *Ross*, 2018 WL 8059563, at *3 ("Because [the plaintiff] has not alleged damages in an amount equal to or less than the statutory damage limit, ORS 30.265(3) does not require that the State of Oregon be substituted for the individual defendants.") (citation omitted); *cf. Douglas v. Stahlnecker*, No. 6:20-cv-00546-IM, 2024 WL 1345684, at *9 (D. Or. Mar. 31, 2024) (dismissing the plaintiff's state law claim against the individual defendant where the amount of damages alleged in the complaint did not exceed the amount allowed by the relevant damages cap and thus the sole cause of action was an action against ODOC).

Defendants have not otherwise explained why the Eleventh Amendment bars Flores' state law claims against Defendants in their individual capacities. *Cf. Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity. It does not, however, bar claims for damages against state officials in their personal capacities.") (citations omitted); *Pena v. Gardner*, 976 F.2d 469, 474 (9th Cir. 1992), *as amended* (Oct. 9, 1992) ("We conclude that the [E]leventh

[A]mendment will not bar pendent state claims by [the plaintiff] against state officials acting in their individual capacities."); *Al-Rifai v. Willows Unified Sch. Dist.*, 469 F. App'x 647, 650 (9th Cir. 2012) ("[T]he district court erred in dismissing Plaintiffs' state law claims against the individual Defendants with prejudice because the Eleventh Amendment does not bar pendent state claims by Plaintiffs against state officials acting in their individual capacities.") (citation omitted); *Legacy Health v. Hoyle*, No. 3:22-cv-00573-HZ, 2023 WL 34692, at *4 (D. Or. Jan. 3, 2023) ("The Eleventh Amendment generally bars suits in federal court brought under state law against state officials in their official capacities." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989))). Thus, the Court denies Defendants' motion to dismiss Flores' state law claims. *See Ross*, 2018 WL 8059563, at *3 (rejecting the defendants' argument that the Eleventh Amendment barred the plaintiff's state law claims against the individual defendants where the plaintiff had not alleged a specific amount of damages); *Leonetti*, 2018 WL 11226238, at *21 (applying the current version of Oregon Revised Statutes § 30.265 and rejecting the individual defendants' argument that they were immune from tort liability under state law).

## III.    INJUNCTIVE AND DECLARATORY RELIEF

Defendants argue that the Court should dismiss Flores' requests for injunctive and declaratory relief because his claims are moot now that he has been released from custody, he lacks standing to seek the equitable relief requested, and the Court lacks jurisdiction to order relief as to ODOC and OCE who are no longer parties to the instant case. (Defs.' Mot. at 10-13.) Flores does not oppose dismissal of his requests for injunctive and declaratory relief. (*Id.*; *see generally* Pl.'s Resp.)

Flores seeks injunctive relief ordering ODOC and OCE "to not allow cross contamination between known Positive AICs or Staff and Healthy individuals[,]" an order preventing retaliation, and "[a]ny other Injunctive relief the Court finds reasonable and to which promotes

the health and safety of those who are in the State's care" and declaratory relief finding that ODOC and OCE violate the Eighth Amendment "if they work Covid-19 positive AICs or Staff with healthy individuals" and "[a]ny other Declaratory relief the Court finds reasonable and to which promotes the health and safety of those who are in the State's care." (SAC at 11.) Flores is no longer in ODOC's custody. (*See* Defs.' Mot. at 10; Notice of Change of Address, ECF No. 75.)

The Court agrees that Flores' requests for injunctive and declaratory relief are moot and dismisses those claims without prejudice but without leave to amend. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) ("[The plaintiff] was an [AIC] in the ODOC's custody in 2004 when he initiated this litigation, . . . [b]ut ODOC released [the plaintiff] from custody in 2007. 'An [AIC]'s release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action.' The same is true for claims seeking declaratory relief.") (citations omitted); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004) (concluding that the plaintiff's "release [from custody] extinguishes his legal interest in an injunction because it would have no effect on him" (citing *Bernhardt v. Cnty. of L.A.*, 279 F.3d 862, 871 (9th Cir. 2002))).

## CONCLUSION

For the reasons stated, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss (ECF No. 81), as follows:

- GRANTS WITH PREJUDICE AND WITHOUT LEAVE TO AMEND:
  - Defendants' motion to dismiss Flores' Fourteenth Amendment equal protection claim.

///

///

- GRANTS WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND:

  o Defendants' motion to dismiss Flores' claims for violation of the ADA and the Rehabilitation Act; and

  o Defendants' motion to dismiss Flores' claims for injunctive and declaratory relief.

- DENIES:

  o Defendants' motion to dismiss Flores' state law claims.

Flores' Eighth Amendment claim and his state law negligence, gross negligence, negligence per se, dereliction of duty, and intentional infliction of emotional distress claims for monetary damages will proceed. Defendants shall file an answer to the SAC by June 4, 2024.

**IT IS SO ORDERED.**

DATED this 21st day of May, 2024.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge